IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------x<br>*In re*<br><br>**ROTECH HEALTHCARE INC.,** *et al.*,<br><br>        Reorganized Debtors.¹<br><br><br><br>------------------------------------------------------x<br>**BAKER & MCKENZIE LLP,**<br><br>        Applicant,<br><br>-against-<br><br>**ROTECH HEALTHCARE INC.,** *et al.*,<br><br>        Respondents.<br><br>------------------------------------------------------x | : : : : : : : : : : : : : : : : : : : : : : : : : | **Chapter 11**<br><br>**Case No. 13-10741 (PJW)**<br><br>**Jointly Administered**<br><br>Related to Docket No. 1201, 1234, 1269, 1330, 1337, 1338, 1339, 1350, 1351, 1426, 1442<br><br>Hearing Date: January 22, 2014 at 2:00 p.m. (ET) |

**REORGANIZED DEBTORS' SECOND SUPPLEMENT TO OBJECTION TO FIRST
AND FINAL FEE APPLICATION OF BAKER & MCKENZIE LLP FOR
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF DISBURSEMENTSAS ATTORNEYS FOR STATUTORY COMMITTEE OF
EQUITY SECURITY INTEREST HOLDERS OF ROTECH HEALTHCARE, INC.**

The above-captioned reorganized debtors (collectively, "Rotech" or the "Reorganized

Debtors") submit this second supplement (the "Second Supplement") to their objection dated

November 12, 2013 [Docket No. 1234] (the objection together with the two supplements,

---

¹ The Reorganized Debtors in these chapter 11 cases are listed at
http://dm.epiq11.com/rotech. Rotech's corporate headquarters and mailing address is
2600 Technology Drive, Suite 300, Orlando, FL 32804.

01:14843804.2

1

being referred to herein as the "Objection") to the *First and Final Fee Application of Baker & McKenzie LLP ("Baker") for Compensation of Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Equity Security Interest Holders* (the "Equity Committee") *of Rotech Healthcare, Inc.,* filed on October 25, 2013 [Docket No. 1201] (the "Application").  In support of its Objection, Rotech respectfully represents:

**Second Supplemental Objection**

1. Previously, Rotech objected to Baker's fees on the grounds (a) they exceeded any measurement of reasonable value Baker provided to the Equity Committee and its constituency, and (b) they were subject to reduction if Baker had conflicts during the case. Even though Baker has refused to provide the documents Rotech requested in discovery, necessitating Rotech's filing of a pending motion to compel, it is now undisputed that, at the very least:

  (i) Baker was representing two entities holding major claims against Rotech in unrelated matters during Rotech's chapter 11 case;

  (ii) Baker camouflaged its ongoing representation of two important creditors by lumping them in a long list of entities described as "current and former" clients, as compared to virtually all other professionals who disclose current clients separately;

  (iii) Throughout the case (as listed below) Baker purported to act in opposition to positions taken by its other clients, without disclosing its divided loyalties;

  (iv) Baker researched and drafted an objection to a make-whole claim held by these two entities;

  (v) Baker's Application billed for the objection to the make-whole claim;

01:14843804.2

2

      (vi)    According to the declaration of Ian Connor Bifferato, it was a ministerial oversight that Baker's name was not removed from the objection it had drafted against its own clients; and

      (vii)    Neither the Court, nor the U.S. Trustee, nor Rotech, nor all other parties in interest would have known of Baker's divided loyalties if by chance, Baker had not billed for time discussing its conflicts through the use of initially redacted time records.

2.    Rotech has deferred to the U.S. Trustee as to whether Baker appropriately made its required disclosures in the Rotech case. The issues now are (a) whether Baker should be compelled to provide Rotech the documents it has refused to provide, (b) whether the Court approves of the U.S. Trustee's recommendation that Baker's undisputed conduct listed above should reduce its million dollar bill by $20,965, or another amount, and (c) whether the reasonable value of Baker's services is anywhere near its request.

3.    After Baker's two subsequent disclosures admitting it concurrently represented Fidelity Management & Research ("Fidelity") and Capital Research & Management Company ("CapRe") (two major noteholders) and the Equity Committee [Docket Nos. 1337 & 1350], on January 15, 2014, the U.S. Trustee filed her statement [Docket No. 1442] (the "Statement") with respect to the Application and, more specifically, to the conflict of interest raised by Rotech in its supplemental objection, dated November 18, 2013 [Docket No. 1269] (the "First Supplemental Objection"). In the Statement, the U.S. Trustee concluded that:

- Baker's initial retention disclosures were insufficient to enable parties in interest to fully evaluate potential conflicts of interest and the extent to which potential conflicts of interest might become actual; and

01:14843804.2

3

- Baker had an actual conflict of interest when it filed the *Motion to Disallow Any Make-Whole Payment Under the Debtors' Second Lien Note Indenture* [Docket No. 864] (the "Motion to Disallow") because its current clients were also holders of second lien notes.

4. As a result of this actual conflict of interest, the U.S. Trustee reached agreement with Baker to reduce the amount of the Application by $20,965.00 (less than 2% of the total amount sought in the Application), representing the amount of the fees incurred by Baker to prepare the Motion to Disallow. In addition, the U.S. Trustee negotiated a further reduction of $165,675.00 for time related to the disclosure statement and plan and employment and retention matters (among others).

5. Baker's Original Disclosures Were Insufficient. Rotech concurs with the U.S. Trustee that Baker failed to make adequate disclosure of its concurrent representations of Fidelity, CapRe and Manulife Asset Management LLC ("Manulife") when it filed its disclosures under Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1. However, this may be just the tip of the iceberg. After Rotech filed the First Supplemental Objection and sought discovery from Baker regarding the full extent of Baker's conflicts with these and any other entities, Baker refused to comply with Rotech's requests. As a result, Rotech has filed a motion to compel [Docket No. 1330] which will be heard on January 22, 2014.

6. As noted in the Statement and in Rotech's prior submissions, estate professionals have an affirmative duty to make full and complete disclosure of any and all connections to a creditor or other party in interest. *See In re Midway Indus. Contractors, Inc.*, 272 B.R. 651, 662 (Bankr. N.D. Ill. 2001) ("Persons to be employed 'must disclose all

01:14843804.2

4

facts that bear on . . . disinterestedness, and cannot usurp the court's function by choosing, *ipse dixit*, which connections impact disinterestedness and which do not. The existence of an arguable conflict must be disclosed if only to be explained away.'") (quoting *In re Granite Partners, L.P.*, 219 B.R. 22, 35 (Bankr. S.D.N.Y. 1998); *see also In re Enron Corp.*, 2002 WL 32034346, at *5 (Bankr. S.D.N.Y. May 23, 2002); *In re Leslie Fay Cos., Inc.*, 175 B.R. 525, 536 (Bankr. S.D.N.Y. 1994) ("[T]here is 'no merit to the . . . argument that [a party] did not have to disclose its connections . . . because its attorneys did not feel that a conflict existed.'") (quoting *In re Rusty Jones, Inc.*, 134 B.R. 321, 345 (Bankr. N.D. Ill. 1991)). Clearly, lumping "current and former" clients into a single group is insufficient disclosure and did not allow the Court, the U.S. Trustee, Rotech, nor other parties in interest, an opportunity to know when Baker was acting with divided loyalties. This, alone, warrants denial of 100% of Baker's fees and expenses.[2]

7. <u>If Baker had an actual conflict of interest when it filed the Motion to Disallow, it had an actual conflict of interest at every point in these cases</u>. The U.S. Trustee also concluded that Baker had an actual conflict of interest when it filed the Motion to Disallow and the holders of the second lien notes (which included Baker's clients) objected.[3] For this, Baker has agreed to withdraw $20,965.00 from the Application. In its supplemental disclosures [Docket Nos. 1337 & 1350], Baker attempts to draw a distinction between the Motion to Disallow and all other proceedings in these cases. But how can Baker distinguish

---

[2] As previously stated, a professional's current representation of other parties in interest in unrelated matters is not a *per se* disqualifying factor, but such representation must be fully disclosed as well as any steps taken to address conflicts such as use of ethical walls and conflicts counsel.

[3] The U.S. Trustee also suggested that since the Motion to Disallow was filed after the Equity Committee's valuation was sent to Rotech, it provided no benefit to the estate. Rotech agrees. However, benefit to the estate is not relevant when determining if a professional should be denied compensation as a result of an undisclosed conflict.

the Motion to Disallow from its objection to Rotech's postpetition financing that Fidelity supported or its objection to Rotech's disclosure statement for the chapter 11 plan that Fidelity negotiated? Why is it okay that the Court, the US Trustee, Rotech, and all parties in interest were unaware of Baker's divided loyalties in those other endeavors, but not in the prosecution of the Motion to Disallow? Set forth below is a summary of the pleadings and arguments made by the second lien note holders against positions taken by Baker.

**Baker's Participation in Matters filed against Equity Committee and Potentially Affected by Baker's Divided Loyalties**:

- Joinder to Rotech's motion to disband the Equity Committee [Docket No. 192].

- Objection to the Equity Committee's retention of Baker & McKenzie [Docket No. 281].

- Objection to the Equity Committee's retention of Bifferato [Docket No. 343].

- Objection to the Equity Committee's retention of Moelis [Docket No. 352].

- Objection to the Equity Committee's retention of Berenson [Docket No. 592 & 648].

- Objection to the Equity Committee's motion to continue hearings on valuation and confirmation [Docket No. 723].

- Objection to the Equity Committee's motion to disallow the "make-whole" claim [Docket No. 953].

- Joinder to Rotech motion for summary judgment and to disband the Equity Committee [Docket No. 954].

**Baker's Participation in Arguments Potentially Affected by Baker's Divided Loyalties**:

- Hearing on Debtors Motion to Disband the Equity Committee, May 7, 2013.

- Hearing on Debtors Motion to Approve DIP Financing, May 14, 2013.

- Hearing on Debtors Motion to Approve Disclosure Statement, June 13, 2103.

01:14843804.2

6

- Hearing on Equity Committee's motion to retain Moelis, June 18, 2013.

- Hearing on Equity Committee's motion for reconsideration of application to retain Berenson, July 9, 2103.

- Hearing on Equity Committee's emergency motion to adjourn hearing on confirmation and valuation, July 24, 2013.

**Discovery Potentially Affected by Baker's Divided Loyalties**:

- Equity Committee's deposition of Rotech's CEO in connection with Final DIP Financing, May 6, 2013.

- Equity Committee's deposition of Rotech's CEO in connection with confirmation of Rotech's Plan, August 9, 2013.

- Equity Committee's deposition of Nat Gregory (member of Rotech's Board of Directors) in connection with confirmation of Rotech's Plan, August 14, 2013.

8. The events above demonstrate that Baker was, in fact, adverse to its current clients virtually at all times during Rotech's chapter 11 cases and not merely just in the case of the Motion to Disallow. Taken to its logical extreme, Baker's position is that a professional may be retained (and compensated) and not adequately disclose a conflict so long as it never takes any position against its current client. Such a situation is precisely what the disclosure rules are designed to prevent – an estate professional with divided loyalties that no one knows about. If the U.S. Trustee's rule in Wilmington, Delaware is that such conduct is okay as long as the professional nicks its million dollar fee request by $20,695, and if the Court agrees, let the word go forth that this is the rule. It would not be Rotech's proposed rule, but Rotech deferred to the U.S. Trustee and the Court.

## Conclusion

WHEREFORE Rotech respectfully requests the Court (a) deny such amounts of the Application that will align it with the reasonable value Baker provided Rotech's

shareholders and correct for its lack of disclosure; and (b) grant Rotech such other and further relief as is just.

| | |
|---|---|
| Dated: January 17, 2014<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT &<br>TAYLOR, LLP<br><br>　　*/s/ Joseph Barry*　　　　　　　　　<br>James L. Patton, Jr. (No. 2202)<br>Robert S. Brady (No. 2847)<br>Joseph M. Barry (No. 4221)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone:  302.571.6600<br>Facsimile:   302.571.1253<br><br>-and-<br><br>Martin J. Bienenstock<br>Geoffrey T. Raicht<br>Vincent Indelicato<br>PROSKAUER ROSE LLP<br>Eleven Times Square<br>New York, New York 10036<br>Telephone:  212.969.3000<br>Facsimile:  212.969.2900<br><br>*Co-Attorneys for the Reorganized Debtors* |